IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:12cv329

| | |
|---|---|
| JERRY JUSTIN TRENT, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>RICHARD B. ROBERTS, )<br>THE STATE OF NORTH CAROLINA, )<br>STEVE E. BROOKS, and )<br>WAYNE E. JOHNSON, )<br>)<br>Defendants. )<br>_____) | O R D E R |

**THIS MATTER** is before the Court *sua* sponte.

The Plaintiff, who appears *pro se*, initiated this action pursuant to 42 U.S.C. §1983. [Doc. 1]. Although not entirely clear, it appears that the litigation arises from an administrative garnishment of the Plaintiff's wages by the North Carolina State Education Assistance Authority in order to collect a debt owed by the Plaintiff as the result of student loans. [Doc. 1-5 at 19-20, 22-24, 27-28, 37]; [Doc. 1-6 at 20]. On February 14, 2013, the Plaintiff was granted an extension of time through March 1, 2013 within which to file an Amended Complaint in order to add new defendants. [Doc.

1

27]. On March 22, 2013, twenty-one days after the deadline imposed by this Court, the Plaintiff filed a "Waiver" in which he stated that he does not intend to filed an amended complaint or to add defendants. [Doc. 30].

On that same date, the Plaintiff renewed his Motion for Default Judgment, claiming that the Defendants have been "served summonses and failed to respond[.]" [Doc. 31]. The Defendant's previous motion for default judgment was denied on March 14, 2013 because there has been no entry of default. [Doc. 31]. Although the Plaintiff has filed what he purports to be proof of service of summonses on the Defendants, it does not appear that the Complaint was also included in the alleged certified mail by which Plaintiff claims to have accomplished service. Fed.R.Civ.P. 4(c)(1) (requiring a copy of the complaint be served with summons); <u>Patterson v. Whitlock</u>, 392 Fed. App'x. 185, 188 n.7 (4th Cir. 2010) (noting that while the Federal Rules of Civil Procedure do not authorize service by mail, they do permit service in accordance with state law which in North Carolina may be accomplished by certified mail, return receipt requested).

Based on what has been filed to date, the Court is compelled to question whether this action is frivolous. The Plaintiff will nonetheless be provided an opportunity to prove that he has served each of the

Defendants with not only the summons but also a copy of the Complaint. The Plaintiff is warned that Federal Rule of Civil Procedure 41(b) provides that an action may be dismissed if the plaintiff fails to prosecute or to comply with a court order. F.R.Civ.P. 41(b). Failure to properly serve a copy of the Complaint on each Defendant constitutes a failure to prosecute.

> The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir.), cert. denied 493 U.S. 1084, 110 S.Ct. 1145, 107 L.Ed.2d 1049 (1990). This Court therefore issues this Order as an explicit warning that continued failure to comply could result in dismissal. Id. at 96.

**IT IS, THEREFORE, ORDERED** that on or before five (5) business days from entry of this Order, the Plaintiff shall file proof in the record that each Defendant has been served with a summons and a copy of the Complaint.

Signed: April 29, 2013

Martin Reidinger
United States District Judge

3